**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BRENDA FORREST**                                                              **PLAINTIFF**

**V.**                                                                                            **NO. 4:13CV00094-JMV**

**CAROLYN W. COLVIN,**
*Acting Commissioner of SSA*                                                **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court is not convinced that the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence in the record. Specifically, the RFC found by the ALJ does not account for the opinions of Dr. Michael Whelan and Dr. Charles Small that the claimant is unable to maintain concentration for at least two hours. Because the record in this case is extremely voluminous, and counsel for the Commissioner acknowledges that there does not appear to be substantial evidence to support the ALJ's rejection of this evidence, the case will be remanded. On remand, the ALJ shall either amend the RFC determination to include this

limitation or articulate with specificity what medical evidence from an examining or treating source exists in the record that supports the claimant's ability to maintain attention and concentration sufficient to perform other work available in significant numbers in the national economy. In either case, the ALJ shall obtain supplemental vocational expert testimony if necessary. The ALJ may not conduct any proceedings inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 9th day of December, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE